488 S.E.2d 349

**Robert B. POOLE, Plaintiff Below, Appellant**

v.

**BERKELEY COUNTY PLANNING COMMISSION, a Public Corporation, Defendant Below, Appellee**

No. 23387.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 4, 1997.

Filed June 2, 1997.

Michael L. Scales, Greenberg & Scales, Martinsburg, for Appellant.

Christopher D. Janelle, Henry, Taylor & Janelle, Martinsburg, for Appellee.

PER CURIAM:

This declaratory judgment action is before this Court upon an appeal from the final order of the Circuit Court of Berkeley County, West Virginia, entered on November 15, 1995. The issue before this Court is whether the appellant, Robert B. Poole, the owner of a salvage yard, is entitled to a "grandfather" exception to the permit requirement for the operation of salvage yards promulgated in 1984 by the appellee, the Berkeley County Planning Commission. As reflected in the final order, the circuit court held that the appellant was not entitled to the exception and granted summary judgment for the appellee.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, and particularly because the undisputed facts disclose that the appellant, upon acquiring the salvage yard subsequent to the 1984 requirement, continued to oper-

ate the yard as a lawful, non-conforming use of the property, this Court holds that the granting of summary judgment for the appellee was error. Moreover, we remand this action to the circuit court for the making of a specific finding upon the question of whether the salvage yard was expanded or altered by the appellant following his acquisition of the property.

I

In 1980, Willard W. Smith was the owner of a 4.47 acre salvage yard near the Town of Hedgesville in Berkeley County, West Virginia. Article 23 of chapter 17 of the *West Virginia Code* concerns such businesses, and, pursuant to *W. Va. Code,* 17–23–2(b) [1967], a *salvage yard* is defined as "any place which is maintained, operated or used for the storing, keeping, buying, selling or processing of salvage, or for the operation and maintenance of a motor vehicle graveyard[.]" As required by *W. Va. Code,* 17–23–3 [1967], Smith operated the salvage yard pursuant to a license issued by the West Virginia Division of Highways.

In addition to the West Virginia Division of Highways, article 23 of chapter 17 of the *West Virginia Code* confers regulatory jurisdiction of salvage yards upon county planning commissions. *See W. Va. Code,* 17–23–4 [1983]. In 1984, pursuant thereto, the County Commission of Berkeley County promulgated ordinance no. 1201.4, which required a permit from the Berkeley County Planning Commission in order to operate a salvage yard in that county. As the ordinance indicated, no permit would issue unless the applicant was in compliance with "County Land Development Laws and the Laws of the State of West Virginia." As the final order reflects, however, it is undisputed that Smith's operation of the salvage yard, which predated the 1984 ordinance, "was not subject to the permit requirement [.]"

In June 1988, the West Virginia Division of Highways adopted administrative regulation no. 8.04 of the *Laws and Regulations of the State of West Virginia Relating to Operation and Licensing of Salvage Yards.* As that regulation stated, in part: "Any salvage yard which was licensed prior to June 12, 1988

may continue to be operated and maintained in accordance with the statutes and regulations in effect at the time the yard was initially licensed."

Thereafter, by deed dated March 27, 1992, Smith conveyed the salvage yard to the appellant for $25,000. Importantly, the record indicates that Smith operated the property as a salvage yard, without interruption, from 1980 until he sold the property to the appellant and that, following the conveyance, the appellant operated the property in the same manner. Thus, the use of the property remained the same, before and after the promulgation of ordinance no. 1201.4.

Following his acquisition of the property, the appellant applied for a permit as required by the ordinance. By letter dated April 7, 1993, however, the Berkeley County Planning Commission denied the application because the appellant had not met "all of the criteria" set forth by law. Subsequently, in February 1995, the appellant instituted this action for declaratory relief, contending that, pursuant to Division of Highways regulation no. 8.04, he was entitled to a "grandfather" exception to the permit requirement. *See W. Va. Code,* 55–13–1 [1941], *et seq.,* concerning declaratory judgment actions.

During the proceedings below, both the appellant and the appellee moved for summary judgment. Following the submission of the motions for decision, the circuit court concluded that the conveyance of the salvage yard from Smith to the appellant terminated the lawful, non-conforming use of the property, even though, under both owners, the property had been continuously operated as a salvage yard. Consequently, as determined by the circuit court, the appellant was subject to the permit requirement of ordinance no. 1201.4, and the appellee was entitled to summary judgment. This appeal followed.

II

■ Pursuant to Rule 56 of the *West Virginia Rules of Civil Procedure,* summary judgment is warranted where the record demonstrates "that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law." *See generally* Lugar & Silverstein, *West Virginia Rules of Civil Procedure,* p. 426–42 (Michie 1960). As this Court observed in syllabus point 5 of *Wilkinson v. Searls,* 155 W.Va. 475, 184 S.E.2d 735 (1971):

> A motion for summary judgment should be granted if the pleadings, exhibits and discovery depositions upon which the motion is submitted for decision disclose that the case involves no genuine issue as to any material fact and that the party who made the motion is entitled to a judgment as a matter of law.

*See also* syl. pt. 1, *Wayne County Bank v. Hodges,* 175 W.Va. 723, 338 S.E.2d 202 (1985).

Moreover, in the context of this action, we note that both the entry of a summary judgment and the entry of a declaratory judgment are reviewed by this Court *de novo.* Syl. pt. 1, *Koffler v. City of Huntington,* 196 W.Va. 202, 469 S.E.2d 645 (1996) (summary judgment); syl. pt. 3, *Cox v. Amick,* 195 W.Va. 608, 466 S.E.2d 459 (1995) (declaratory judgment); syl. pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994) (summary judgment).

In this action, the appellant contends that the change in ownership of the salvage yard, from Smith to the appellant in 1992, did not constitute a termination of the lawful, non-conforming use of the property, especially in view of his assertion in the petition for appeal that he "did not desire to expand the operations of the salvage yard, nor to extend the land upon which that salvage yard was operated, [but rather] to continue the operations of the salvage yard in the same fashion" as before. Thus, relying upon the "grandfather" exception of Division of Highways regulation no. 8.04, the appellant contends that he is not subject to the permit requirement of ordinance no. 1201.4.

The appellee, on the other hand, contends that the exception evidenced by Division of Highways regulation no. 8.04 was for the benefit of Smith only, who was the owner of the salvage yard when the permit requirement was adopted in 1984. Therefore, according to the appellee, the subsequent sale of the salvage yard to the appellant terminated the lawful, non-conforming use of the property and subjected the appellant to the permit requirement.

In granting summary judgment for the appellee, the circuit court relied upon the case of *Longwell v. Hodge,* 171 W.Va. 45, 297 S.E.2d 820 (1982). In *Longwell,* this Court stated that a "grandfather" exception "is not designed to create a continuing, protected, non-conforming use within the zoned area, running with the land and inuring indefinitely to the benefit of the owner." 171 W.Va. at 48, 297 S.E.2d at 823. However, that statement notwithstanding, the factual circumstances in *Longwell* are more supportive of the appellant's position herein than of the ruling of the circuit court.

In *Longwell,* beer was permitted to be sold at a restaurant in Bridgeport, West Virginia, pursuant to a "grandfather" exception to a 1955 zoning ordinance. The selling of beer at the restaurant thus constituted a lawful, non-conforming use of the property. In 1971, the property was sold to James Longwell who closed the restaurant from 1974 to 1979 for remodeling. In 1979, a new ordinance was adopted confirming the prohibition of the sale of beer at such restaurants. In *Longwell,* this Court, in affirming a ruling adverse to Mr. Longwell, concluded that the lawful, non-conforming use of the property had been abandoned and that, accordingly, the property was subject to the prohibition of the sale of beer. Nevertheless, rather than focusing upon the change in ownership of the property in 1971, this Court, in *Longwell,* emphasized the closing, or interruption, of the business from 1974 to 1979. As the *Longwell* opinion states: "[W]e affirm the lower court's holding on the basis that, during the period from 1974 to 1979 when no restaurant selling beer was operating on the premises the property owner's 'grandfathered' right to sell beer expired." 171 W.Va. at 49, 297 S.E.2d at 824. By contrast, in the action now before us, although there was a change in the ownership of the property, there was never an abandonment or interruption of the use of the property as a salvage yard.

■ In *McFillan v. Berkeley County Planning Commission*, 190 W.Va. 458, 438 S.E.2d 801 (1993), the owner of a mobile home park asserted that he should be allowed to expand the park, notwithstanding the regulatory procedure relating to mobile home parks adopted by Berkeley County. Nevertheless, in upholding the decision of the circuit court that the owner had to comply with the regulations, this Court, in *McFillan*, indicated that, although the owner had been operating the mobile home park as a non-conforming use of the land, such an exception would not apply to the proposed *expansion* of the owner's operations. As syllabus points 3 and 4 of *McFillan* state:

> 3. A non-conforming use is a use which, although it does not conform with existing zoning regulations, existed lawfully prior to the enactment of the zoning regulations. These uses are permitted to continue, although technically in violation of the current zoning regulations, until they are abandoned. An exception of this kind is commonly referred to as a 'grandfather' exception.

> 4. A non-conforming use allows the owner of property to avoid conforming to a land-use regulation that effects his property. However, the nonconforming use is limited to the use existing at the time the regulation was adopted and it ordinarily may not be expanded into other areas of the property where the nonconforming use did not previously exist.

*See also H.R.D.E., Inc., v. Zoning Officer of the City of Romney*, 189 W.Va. 283, 286, 430 S.E.2d 341, 344 (1993), stating that "a non-conforming use cannot be prohibited if the purpose of the use remains the same after the ordinance is enacted [,]"[1] and *Stop and Shop v. Board of Zoning Appeals*, 184 W.Va. 168, 399 S.E.2d 879 (1990), holding that a business, operating upon commercial property, cannot rely upon a "grandfather" exception for non-conforming uses to allow it to expand into a residential area.

■ In the action before this Court, the circuit court specifically found that Willard W. Smith's operation of the salvage yard "was not subject to the permit requirement" of ordinance no. 1201.4. Indeed, Smith's use of the property as a salvage yard predated the 1984 ordinance, and his operation of the business was pursuant to a license issued by the West Virginia Division of Highways. As indicated above, Smith operated the property as a salvage yard, without interruption, from 1980 until he sold the property to the appellant. The appellant, in turn, operated the property in the same manner. Thus, the use or purpose of the property remained the same, before and after the promulgation of ordinance no. 1201.4. Moreover, in 1988, the West Virginia Division of Highways adopted regulation no. 8.04, which stated that "[a]ny salvage yard which was licensed prior to June 12, 1988 may continue to be operated and maintained in accordance with the statutes and regulations in effect at the time the yard was initially licensed."

■ Accordingly, based upon the principles expressed in *McFillan* and *H.R.D.E., Inc., supra*, this Court is of the opinion that, although the appellant acquired the property subsequent to the adoption of the 1984 ordinance, his operation of the salvage yard constituted a continuation of a lawful, non-conforming use of the property. Unlike the circumstances in *Longwell*, there was no interruption or abandonment of that use of the property. Nor did the change in ownership of the salvage yard from Smith to the appellant in 1992 constitute a termination of the lawful, non-conforming use of the property. As stated in 1 K.H. Young, *Anderson's American Law of Zoning*, § 6.40 (4th ed. 1995): "A change of ownership of land to

---

1. It should be noted that the above language of *H.R.D.E., Inc.* was set forth in that case in the context of *W. Va.Code*, 8–24–50 [1984]. That statute, concerning planning and zoning with regard to municipalities, states in part:

> Such zoning ordinance or ordinances shall not prohibit the continuance of the use of any land, building or structure for the purpose for which such land, building or structure is used at the time such ordinance or ordinances take effect, but any alteration or addition to any land or any alteration, addition or replacement of or to any existing building or structure for the purpose of carrying on any use prohibited under the zoning rules and regulations applicable to the district may be prohibited [.]

*H.R.D.E., Inc.*, 189 W.Va. at 286, 430 S.E.2d at 344.

which a nonconforming use has attached does not affect the right to such use although the change occurred after the restrictive ordinance became effective." Therefore, under the circumstances herein, and in view of West Virginia Division of Highways regulation no. 8.04, the appellant was entitled to a "grandfather" exception to the permit requirement. Thus, the granting of summary judgment for the appellee was error.

 Nevertheless, although this Court reverses the summary judgment for the appellee, we decline to direct that summary judgment be entered for the appellant. In particular, the appellant suggests that he has not expanded the operations of the salvage yard or extended the land upon which the salvage yard is operated. The record, however, is less than certain upon that point, and the circuit court made no findings in that regard. In syllabus point 3 of *Fayette County National Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997), this Court held: "Although our standard of review for summary judgment remains *de novo*, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the court finds relevant, determinative of the issues and undisputed." As indicated above, the appellant's non-conforming use may not be expanded, under the "grandfather" exception, into other areas of the property where the non-conforming use did not exist. *See* syl. pt. 4, *McFillan* and *Stop and Shop*, *supra*. Consequently, rather than directing that summary judgment be entered for the appellant, we remand this action to the circuit court for the making of a specific finding upon the question of whether the salvage

yard was expanded or altered by the appellant following his acquisition of the property.

Upon all of the above, therefore, the final order of the Circuit Court of Berkeley County, entered on November 15, 1995, is reversed, and this action is remanded to that court for proceedings consistent with this opinion.[2]

Reversed and remanded.

**2.** In addition to the issues discussed above, the appellee has raised a question concerning whether this action, filed by the appellant, was barred by *res judicata,* in view of the dismissal by the circuit court of an earlier declaratory judgment action involving the appellant and the appellee and concerning the salvage yard. In a lengthy opinion filed below, however, the circuit court rejected the appellee's *res judicata* argument. In particular, the circuit court determined that the earlier declaratory judgment action, which was

dismissed pursuant to Rule 41(b) of the *West Virginia Rules of Civil Procedure,* was not comparable to this action with regard to the principles of *res judicata. See* syl. pt. 2, *State ex rel. Division of Human Services v. Benjamin P.B.,* 183 W.Va. 220, 395 S.E.2d 220 (1990). Upon review, this Court has considered the circuit court's opinion and all other matters of record. This Court finds the opinion to be well-reasoned, and we will not disturb the ruling therein.