# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John Sayers and Elizabeth Orndoff-Sayers,**
**Petitioners Below, Petitioners**

**vs)  No. 14-0087** (Hardy County 13-P-45)

**Board of Zoning Appeals of the Town of Wardensville,**
**Respondent Below, Respondent**

**FILED**

November 21, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners John Sayers and Elizabeth Orndoff-Sayers, by counsel Floyd M. Sayre III, appeal the order of the Circuit Court of Hardy County, entered December 6, 2013, dismissing their petition for writ of certiorari. Respondent Board of Zoning Appeals of the Town of Wardensville appears by counsel Lary D. Garrett.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners' appeal of the circuit court's order is before us pursuant to the circuit court's dismissal of a petition for a writ of certiorari. "This Court applies an abuse of discretion standard in reviewing a circuit court's certiorari judgment." Syl. Pt. 2, *Jefferson Orchards v. Zoning Bd. of Appeals*, 225 W.Va. 416, 693 S.E.2d 781 (2010). We review questions of law de novo. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). With this standard in mind, we review petitioner's three assignments of error: (1) that the circuit court erred in dismissing the petition for writ of certiorari; (2) that the circuit court erred in reversing the Board of Zoning Appeals determination that a prior non-conforming use was abandoned; and (3) that the circuit court erred in finding that a meeting conducted in June of 2013 was not a "hearing" within the meaning of West Virginia Code §8A-8-11 and that respondent was not in violation of the State Open Governmental Proceedings Act, West Virginia Code 6-9A-1, et seq.

Petitioners filed an application for an improvement permit with the Town of Wardensville in January of 2013, for the purpose of opening a business engaging in the sale of coffee drinks, alcoholic beverages, baked goods, and State limited video lottery play.[1] The

---

[1] Pursuant to Chapter 29, Article 22B of the West Virginia Code, a limited video lottery operator may enter into contracts with a limited video retailer—the type of business that petitioners endeavored to operate—to place video lottery terminals in a "restricted access adult-

1

building that was the subject of the permit previously housed a satellite dish and television repair shop and later an appliance repair shop. The previous business was grandfathered for nonconforming use in a residential/office-zoned area, until the former proprietor stopped doing business in April or May of 2011.

Respondent scheduled a series of public hearings to address the application, but all were either cancelled or continued, until a hearing was properly conducted on May 6, 2013. At the conclusion of that hearing, the record was kept open for the submission of additional information. The Board then reconvened on June 19, 2013, without providing notice to the parties or the public, met, deliberated, and voted to deny petitioners' application. The Board concluded that petitioners were requesting a change from one non-conforming use to another non-conforming use, and that petitioners "did not adequately address, to the satisfaction of the Board, the provisions of the [o]rdinance related to the criteria necessary to approve the change from one conforming use to another." The Board specifically found that the building was not "abandoned" for the purposes of land use planning.

Petitioners filed a petition for writ of certiorari with the Circuit Court of Hardy County, and the circuit court conducted a hearing on November 4, 2013. At the hearing, petitioners' counsel asked the court to grant the writ and order the Board to produce its record. Respondent's counsel represented that there was no additional record, and that the proceedings were recorded on a handheld recorder. There is no indication in the appendix record for this appeal that the recording was transcribed.

By order entered December 6, 2013, the circuit court found that the prior repair shop "had little impact upon the community because there was very little traffic, the need for parking

---

only facility located on the retailers' premises[.]" West Virginia Code § 29-22B-328 explains the meaning behind "restricted access adult-only facility[.]" That section provides, in part, that such a facility is:

> [a] place of business that: (A) Has a "Class A" license issued under article 11-16-1, et seq., of this code to sell nonintoxicating beer for consumption on the premises; (B) derives at least forty percent of its annual gross receipts at that location from sales of nonintoxicating beer to consumers and of such sales, at least eighty percent are sales of nonintoxicating beer for consumption on the premises; (C) maintains a suitable kitchen and dining facility and related equipment for serving meals for on-premises consumption; (D) regularly prepares and sells meals for consumption on the premises; (E) has a separate room suitable for the location of video lottery terminals with adult-only restricted access, the interior of which is not visible to persons outside the room; and (F) after meeting any additional standards developed by the commission to implement and apply this subdivision (2), is licensed under this article by the commission to allow video lottery games to be played in the restricted access adult-only separate room on the premises.

2

was minimal, and customers only visited the business to drop off an appliance that needed repairing, and were not there for very long. In addition, the normal hours of operation were between 8:00 a.m. and 5:00 p.m." The court found, then, that

> [t]he proposed non-conforming use is considerably different from the prior non-conforming use, as there will be a great increase in traffic and need for parking, the business hours will go into the evening and night time, and the new business involves the sale of alcoholic beverages and video lottery games. The noise level will be astronomically greater, particularly at night when the residential neighbors will be trying to sleep.

In addition, the court noted that the building, which was thirty feet by twenty feet in dimension, could not satisfy the statutory requirements that the building contain a suitable kitchen and dining facility, separate video lottery room, bar, and bathroom. Contrary to the Board's decision, the court found that the property was abandoned since April of 2011, when the prior proprietor ceased business, or September 12, 2012, when the building's owners defaulted on a loan and allowed the property to be foreclosed and sold at auction. The court also found no violation of the State's open meetings law. In consideration of these findings, the court denied the petition for writ of certiorari. This appeal followed.

In their first assignment of error, petitioners broadly argue that the circuit court erred in denying their petition for writ of certiorari, filed pursuant to West Virginia Code § 8A-9-1.[2] Upon the appeal of Board of Zoning Appeals decisions or orders, there is a legal presumption that the board acted correctly, and a reviewing court may not disturb a decision unless the board has applied an erroneous principle of law, was plainly wrong in its actual findings, or acted beyond its jurisdiction. *Wolfe v. Forbes*, 159 W.Va. 34, 217 S.E.2d 899 (1975); *Harding v. Board of Zoning Appeals*, 159 W.Va. 73, 219 S.E.2d 324 (1975); and *DeCoals, Inc. v. Board of Zoning Appeals*, 168 W.Va. 339, 284 S.E.2d 856 (1981). Because the prior non-conforming use

---

[2] That section provides:

(a) Every decision or order of the planning commission, board of subdivision and land development appeals, or board of zoning appeals is subject to review by certiorari.

(b) Within thirty days after a decision or order by the planning commission, board of subdivision and land development appeals, or board of zoning appeals, any aggrieved person may present to the circuit court of the county in which the affected premises are located, a duly verified petition for a writ of certiorari setting forth:

(1) That the decision or order by the planning commission, board of subdivision and land development appeals, or board of zoning appeals is illegal in whole or in part; and

(2) Specify the grounds of the alleged illegality.

3

was abandoned, as further discussed below, we find that the circuit court did not abuse its discretion in denying the petition for writ of certiorari.

In their second assignment of error, petitioners argue that the circuit court erred in setting aside the Board of Zoning Appeals' determination that the non-conforming use was abandoned prior to the submission of petitioners' permit application. "'A non-conforming use is a use which, although it does not conform with existing zoning regulations, existed lawfully prior to the enactment of the zoning regulations. These uses are permitted to continue, although technically in violation of the current zoning regulations, until they are abandoned. [. . .]' Syl. pt. 3, *McFillan v. Berkeley County Planning Commission*, 190 W.Va. 458, 460, 438 S.E.2d 801, 803 (1993)." Syl. Pt. 2, *Poole v. Berkeley County Planning Com'n*, 200 W.Va. 74, 75, 488 S.E.2d 349, 350 (1997). West Virginia Code § 8A-7-10(d) provides:

> If a use of a property that does not conform to the zoning ordinance has ceased and the property has been vacant for one year, abandonment will be presumed unless the owner of the property can show that the property has not been abandoned. . . . If the property is shown to be abandoned, then any future use of the land, buildings or structures must conform with the provisions of the zoning ordinance regulating the use where the land, buildings or structures are located, unless the property is a duly designated historic landmark, historic site or historic district.

Petitioners argue that the circuit court found that the non-conforming use was abandoned without having reviewed the Board's record, but they offer no factual basis challenging the court's ultimate determination. The Board of Zoning Appeals found as it did because "there was no clear intent to abandon the non-conforming use based on the common usage of the term in law." At the circuit court's hearing on this matter, respondent's counsel informed the court that the subject property was not owned by the prior business owner, and the prior business owner involuntarily went out of business. Respondent's counsel further stated that after the appliance business ceased, the building owners were unable to find new tenants and the building was sold at auction. Petitioners' counsel did not dispute this proffer. Rather, he argued that the Board of Zoning Appeals had the discretion to grant a twelve-month extension at the end of the statutory one-year vacancy period described in West Virginia Code § 8A-7-10(d), and because petitioners obtained licensure for their business within the twelve months following the initial one year of vacancy (that is, the period that the Board of Zoning Appeals could have declared an extension period), the non-conforming use was not abandoned. However, petitioners acknowledge that they did not request an extension.

There is no dispute that the proprietor of the appliance repair shop ceased business by the end of May of 2011, and petitioners did not file their application for an improvement permit until January of 2013. There also is no dispute that the appliance repair shop did not utilize its non-conforming use for a year-long period in that time. Based on the proffers of counsel contained in the appendix record on appeal, from which it is apparent that no appliance repair shop was operating on the premises during this time, it is evident that the non-conforming use was abandoned. *See Longwell v. Hodge*, 171 W.Va. 45, 48-49, 297 S.E.2d 820, 823-24 (1982)("Without a doubt, the Zoning Board could, in light of the terms of the ordinance,

4

reasonably have concluded that the non-conforming use had been abandoned. . . . Thus we affirm the lower court's holding on the basis that, during the period from 1974 to 1979 when no restaurant selling beer was operating on the premises the property owner's 'grandfathered' right to sell beer expired.") We find that it was not necessary for the circuit court to have obtained the record to determine that the Board of Zoning Appeals was plainly wrong in stating that the non-conforming use was not abandoned.

We conclude with our consideration of petitioners' third assignment of error, that the circuit court erred in finding that a meeting conducted in June of 2013 was not a "hearing" within the meaning of West Virginia Code § 8A-8-11[3] and that therefore respondent was not in

---

[3] That section provides:

(a) Within ten days of receipt of the appeal by the Board of Zoning Appeals, the board shall set a time for the hearing of the appeal and give notice. The hearing on the appeal must be held within forty-five days of receipt of the appeal by the board.

(b) At least fifteen days prior to the date set for the hearing on the appeal, the Board of Zoning Appeals shall publish a notice of the date, time and place of the hearing on the appeal as a Class I legal advertisement in compliance with the provisions of article three, chapter fifty-nine of this code and written notice shall be given to the interested parties. The publication area shall be the area covered in the appeal.

(c) The Board of Zoning Appeals may require the party taking the appeal to pay for the cost of public notice and written notice to interested parties.

(d) At the hearing, any party may appear in person, by agent or by an attorney licensed to practice in this state.

(e) Every decision by the board must be in writing and state findings of fact and conclusions of law on which the board based its decision. If the board fails to provide findings of fact and conclusions of law adequate for decision by the circuit court and as a result of the failure, the circuit court returns an appealed matter to the board and dismisses jurisdiction over an applicant's appeal without deciding the matter, whether the court returns the matter with or without restrictions, the board shall pay any additional costs for court filing fees, service of process and reasonable attorneys' fees required to permit the person appealing the board's decision to return the matter to the circuit court for completion of the appeal.

(f) The written decision by the board shall be rendered within thirty days after the hearing. If the board fails to render a written decision within thirty days after the hearing, then any party may pursue additional legal remedies to obtain a decision, including, but not limited to, seeking a writ of mandamus.

violation of the State Open Governmental Proceedings Act, West Virginia Code § 6-9A-1, et seq. We believe that the circuit court correctly addressed this issue. The court first noted that the Board of Zoning Appeals completed its hearing on May 6, 2013 (for which the appropriate notice was given), and reconvened for a meeting on June 19, 2013, for purpose of discussing its decision on the previously-conducted hearing.[4] The court then clarified that "while the Open Governmental Proceedings Act . . . applies generally to [m]unicipal Boards of Zoning Appeals, the provisions of said Act do not apply to. . . 'any meeting for the purpose of making an adjudicatory decision in a quasi-judicial administrative or court of claims proceeding.'" *See* W.Va. Code § 6-9A-2(4)(A).[5] Furthermore, as the circuit court aptly noted, petitioners expressly agreed to the procedure as followed.[6]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 21, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Brent D. Benjamin
Justice Margaret L. Workman

---

[4] There is no evidence in the record before us that the Board took up any matter other than the deliberation of petitioners' application.

[5] The Board of Zoning Appeals is a quasi-judicial body created by statute. *Jefferson Utilities, Inc. v. Jefferson County Bd. of Zoning Appeals*, 218 W.Va. 436, 448, 624 S.E.2d 873, 885 (2005). Inasmuch as it is a quasi-judicial body, "it logically follows that any decision reached as a result of such proceedings is by definition an adjudicatory decision." *Appalachian Power Co. v. Public Service Commission*, 162 W.Va. 839, 851, 253 S.E.2d 377, 385 (1979).

[6] Petitioners argue that "the 'public hearing' [they] conceded was not required was one [where] additional testimony would be taken, not the meeting upon which the vote would take place." As explained in the body of this decision, a quasi-judicial body is not required to conduct its deliberations for an adjudicatory decision in public view.