# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stoney Quinto Jr., and Stoney Quinto Sr.,**
**Petitioners Below, Petitioners**

**vs)   No. 16-1063** (Marion County CC-24-2015-AA-1)

**City of Fairmont Planning Commission,**
**Respondent Below, Respondent**

**FILED**

**November 3, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Stoney Quinto Jr., and Stoney Quinto Sr., pro se, appeal the order of the Circuit Court of Marion County, entered on October 27, 2016, denying petitioners' petition for writ of certiorari that challenged the November 10, 2015, resolution of the Fairmont City Council ("city council") that adopted the October 22, 2016, decision of Respondent City of Fairmont Planning Commission ("commission"). In its decision, the commission denied petitioners' application to have their property rezoned as inconsistent with the City of Fairmont's ("Fairmont") comprehensive zoning plan. The commission, by counsel Kevin V. Sansalone, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners, a man and his father, own real property on the corner of Morgantown and Maryland Avenues in Fairmont, West Virginia. From this real property, identified as parcels 103 through 110 on tax map 03-05, petitioners operate a used car business. According to petitioners, prior to 2005, their property was zoned as business "B" ("BB"), pursuant to which permitted uses included automotive sales, gas stations, and drive-thru restaurants. However, in 2005, Fairmont adopted a comprehensive zoning plan and, in 2006, adopted a new planning and zoning code based on that plan.

Pursuant to the 2005 plan, petitioners' property is now zoned as "neighborhood mixed use" ("NMU"). Until 2015, automotive sales was an illegal use of property in a NMU zoning district under Fairmont's current zoning regulations. However, because of grandfathering provisions, petitioners' use of their property as a used car business was a permitted non-conforming use in their NMU zoning district so long as they did not abandon the operation of that business for a period of one year. *See* Fairmont, W.Va., Planning and Zoning Code § 2.2 (2015) (defining

1

"abandonment").

Starting in 2010, petitioners attempted to persuade the commission to rezone their property as "main corridor commercial" ("MCC"). Petitioners believe that MCC zoning is similar to the BB zoning of their property under the pre-2005 zoning regime in that automotive sales, fueling stations, and drive-thru establishments are permitted conditional uses in a MCC zoning district. The commission denied petitioners' rezoning applications in 2010 and 2014.

In 2015, the commission recommended to the city council that the Fairmont planning and zoning code be amended to designate automotive sales as a conditional use in NMU zoning districts such as petitioners'.[1] On May 28, 2015, the city council enacted the amendments recommended by the commission, pursuant to which automotive sales is a now conditional use in both NMU and MCC zoning districts. *See id.* § 3.1.3(D)(i) (2015) (listing automotive sales as a conditional use in a NMU zoning district).

Despite the 2015 zoning amendments, in August of 2015, petitioners filed a third application to have their property rezoned from NMU to MCC. Petitioners stated that their present and proposed future use of their property was for a used car business and contended that their business was a conditional use under the old BB zoning, but was only a permitted non-conforming use under Fairmont's current zoning regime.

The commission held a public hearing on petitioners' rezoning application on October 21, 2015. Petitioner Stoney Quinto Jr. confirmed that petitioners intended to continue with their used car business and had no plans to use their property for any other business. However, Petitioner Stoney Quinto Jr. contended that petitioners' property should be rezoned as MCC so that they would have the option in the future to engage in other businesses such as fueling stations and drive-thru establishments. He further contended that a number of other businesses zoned BB under the pre-2005 regime were eventually approved for MCC zoning under Fairmont's current zoning regime.

Fairmont's city planner, Mark Miller, opined that petitioners' application was a request to "spot-zone" their property so that it would be a MMC property within an otherwise NMU zoning district. Mr. Miller stated that the number of automotive sales businesses located on Morgantown Avenue caused the commission to recommend the amendments earlier in 2015 to designate such businesses as conditional uses in NMU zoning districts. Consequently, Mr. Miller explained that, with the enactment of those amendments, petitioner's used car business was a conditional use. On the other hand, Morgantown Avenue was included in a NMU zoning district because of small businesses and residential neighborhoods being in close proximity of each other and the need to accommodate those businesses "while maintaining the integrity of [the] residential neighborhoods."

---

[1]We explain the difference between a conditional use and a permitted non-confirming use *infra.*

2

During the hearing's public comment period, one person spoke in favor of petitioners' application to rezone their property as MCC. However, two persons spoke against the application. Both of these persons indicated, of the two roadways on which petitioners' property is located, Maryland Avenue was the more residential street, which distinguished petitioners' property from properties wholly located on a more heavily-used road. Thomas DeVito, who spoke on behalf of his mother and another resident of Maryland Avenue, stated that the other former BB businesses that were eventually approved for MCC zoning were wholly located on major highways, but that petitioners' property was not. Richard Straight, who was identified as a resident of Maryland Avenue, stated that the NMU zoning for the neighborhood was correct "[b]ecause the property that front[s] Maryland Avenue should be residential property." In addition, those opposed petitioners' rezoning application presented a signed petition requesting that the application be denied.

In a decision dated October 22, 2015, the commission denied petitioners' application to rezone their property from NMU to MCC, finding that the requested rezoning was "not consistent" with Fairmont's comprehensive zoning plan. The commission found that "[t]here have been no major changes of an economic, physical, or social nature within the area involved[,] which were not anticipated when the comprehensive plan was adopted."

The commission also addressed petitioners' specific contentions. First, the commission found that, pursuant to the 2015 zoning amendments, "the current use of [petitioners'] property has not been and is not now a non-conforming use." *See* Fairmont, W.Va., Planning and Zoning Code § 3.1.3(D)(i) (2015). Second, in response to petitioners' contention that they should have the option to engage in other uses only permitted under MCC zoning, the commission found that petitioners "did not state any specific different proposed, intended[,] or future use of the property" other than as a used car business that is already permitted as a conditional use in their NMU zoning district. Finally, though the commission did not discuss the unique characteristics of petitioners' neighborhood, it found that petitioners' "neighbors objected to the requested rezon[ing]."

On November 10, 2015, the city council adopted the commission's October 22, 2015, decision and incorporated the commission's findings and conclusions into its resolution. Petitioners filed a petition for a writ of certiorari in the Circuit Court of Marion County to challenge the city council's adoption of the commission's denial of their rezoning application.[2] By order entered on October 27, 2016, the circuit court found that the deferential standard of review regarding zoning decisions applied to this case. Employing that standard, the circuit court found that the commission's decision was "supported by fact and the law of the State of West Virginia, and [by Fairmont ordinances] . . ., and [was] not plainly wrong." Accordingly, the circuit court denied petitioners' petition for a writ of certiorari.

Petitioners appeal the circuit court's October 27, 2016, order upholding the denial of their rezoning application. In syllabus point 1 of *Far Away Farm, LLC v. Jefferson County Board of*

---

[2]West Virginia Code § 8A-9-1(a) provides that "[e]very decision or order of the planning commission, board of subdivision and land development appeals, or board of zoning appeals is subject to review by certiorari."

*Zoning Appeals*, 222 W.Va. 252, 664 S.E.2d 137 (2008) (per curiam), we held as follows:

> "While on appeal there is a presumption that a board of zoning appeals acted correctly, a reviewing court should reverse the administrative decision where the board has applied an erroneous principle of law, was plainly wrong in its factual findings, or has acted beyond its jurisdiction." Syllabus Point 5, *Wolfe v. Forbes*, 159 W.Va. 34, 217 S.E.2d 899 (1975).

On appeal, petitioners contend that this standard of review, first set forth in syllabus point 5 of *Wolfe*, does not apply because the decision in this case was made by a planning commission rather than a zoning board. The commission counters that its decision to deny petitioners' rezoning application should be presumed to be correct unless shown to be plainly wrong.

We find that, rather than the tribunal's name, it is the nature of the decision that determines whether it relates to zoning. "'Zoning' is concerned with whether a particular area of a community may be used for a particular purpose, while 'planning' involves how that use is undertaken." *Potomac Edison Co. v. Jefferson County Planning and Zoning Comm'n*, 204 W.Va. 319, 321 n. 1, 512 S.E.2d 576, 578 n. 1 (1998) (quoting Syl. Pt. 1, *Kaufman v. Planning & Zoning Comm'n of City of Fairmont*, 171 W.Va. 174, 298 S.E.2d 148 (1982)). In this case, how petitioners will use their property is not in dispute. Petitioners state that they will continue to use their property as a used car business, and no one is challenging their ability to do so. On the other hand, petitioners want their property rezoned to MCC because MCC zoning permits additional property uses. Therefore, we conclude that the commission's decision in this case was a zoning decision and, accordingly, that the circuit court properly employed the deferential standard of review regarding zoning decisions.

As to the merits of petitioners' appeal, we agree with the commission that its decision to deny petitioners' rezoning application was not plainly wrong. We further concur with the commission that it made the requisite findings under Section 8.10(2)(C) of the Fairmont planning and zoning code: that the requested rezoning was "not consistent" with Fairmont's comprehensive zoning plan and that "[t]here have been no major changes of an economic, physical, or social nature within the area involved[,] which were not anticipated when the comprehensive plan was adopted." Moreover, based on our review of the record, we conclude that the commission's findings pursuant to Section 8.10(2)(C) were not plainly wrong.

We now address petitioners' specific contentions. First, we agree with petitioners that there is an important distinction between a permitted non-confirming use and a conditional use. In syllabus point 2 of *Poole v. Berkeley County Planning Commission*, 200 W.Va. 74, 488 S.E.2d 349 (1997) (per curiam), we held as follows:

> "A non-conforming use is a use which, although it does not conform with existing zoning regulations, existed lawfully prior to the enactment of the zoning regulations. These uses are permitted to continue, although technically in violation of the current zoning regulations, until they are abandoned. An exception of this kind is commonly referred to as a 'grandfather' exception." Syl. [P]t. 3, *McFillan v.*

4

*Berkeley County Planning Commission*, 190 W.Va. 458, 438 S.E.2d 801 (1993).

In contrast, a conditional use is not in violation of the current zoning regulations, but is a lawful use of property so long as it meets specified conditions; therefore, a conditional use is in "compliance with" the current zoning regulations. *Corliss v. Jefferson County Bd. of Zoning Appeals*, 214 W.Va. 535, 537 n. 6, 591 S.E.2d 93, 95 n. 6 (2003) (quoting Syl. Pt. 1, *Harding v. Bd. of Zoning Appeals*, 159 W.Va. 73, 219 S.E.2d 324 (1975)).

In this case, petitioners were upset that their used car business became a permitted non-conforming use, subject to abandonment, when Fairmont adopted a comprehensive zoning plan in 2005. However, in 2015, the Fairmont planning and zoning code was amended to designate auto sales as a conditional use in NMU zoning districts such as petitioners'. *See* Fairmont, W.Va., Planning and Zoning Code § 3.1.3(D)(i) (2015). Therefore, we concur with the commission's finding that, pursuant to the 2015 zoning amendments, "the current use of [petitioners'] property has not been and is not now a non-conforming use."

Second, with regard to petitioners' claim that they should have the option to engage in other uses permitted only under MCC zoning, we find that the commission had no reason to rezone their property for such purposes because petitioners "did not state any specific different proposed, intended[,] or future use of the property" other than as a used car business that was already permitted as a conditional use in their NMU zoning district.

Finally, petitioners contend that a number of other businesses zoned BB under the pre-2005 regime were eventually approved for MCC zoning under Fairmont's current zoning regime. We find that the statements made during the public hearing provided a basis on which to find that petitioners' zoning district was particularly well-suited for NMU zoning because of the need to accommodate small businesses "while maintaining the integrity of [the] residential neighborhoods." Moreover, as previously discussed, petitioner's business was already a conditional use and there was no need to rezone petitioner's property. Accordingly, because the commission's decision to deny petitioners' rezoning application was not plainly wrong, we conclude that the circuit court properly upheld the city council's adoption of that decision.[3]

For the foregoing reasons, we affirm the circuit court's October 27, 2016, order denying

---

[3]Petitioners further claim that the actions of both the city council and the commission, dating back to the 2005 adoption of the comprehensive zoning plan, violated (1) various Fairmont ordinances; (2) various provisions of Chapter 8A of the West Virginia Code, which governs zoning and planning issues; and (3) various provisions of the United States Constitution. However, apart from their bald allegations that there were a multitude of violations, petitioners fail to specifically allege how any one provision was violated. Given petitioner's failure to go beyond their general accusations, we decline to address all such claims pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." *See also State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) (stating that insufficiently briefed issues will not be considered).

petitioners' petition for writ of certiorari that challenged the city council's November 10, 2015, adoption of the commission's October 22, 2015, decision to deny their rezoning application.

Affirmed.

**ISSUED:** November 3, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

6