# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dante Vincent Camastro,**
**Petitioner Below, Petitioner**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)    No. 17-0113** (Ohio County 04-C-435)

**City of Wheeling Board of**
**Zoning Appeals,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dante Vincent Camastro, pro se, appeals the June 30, 2016, order of the Circuit Court of Ohio County affirming the September 4, 2004, order of Respondent City of Wheeling Board of Zoning Appeals ("BZA") that upheld the denial of his application to erect two additional billboards on a preexisting structure. The BZA, by counsel Rosemary Humway-Warmuth, filed a summary response.

The Court has considered the parties' briefs and the record on appeal.[1] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed and this case is remanded to the circuit court for detailed findings of fact and conclusions of law addressing (1) petitioner's argument that the Wheeling, West Virginia, zoning ordinance was unconstitutional as applied to his request to erect the additional billboards; and (2) whether petitioner's appeal includes the BZA's decision to deny his application for variances to erect the two additional billboards, which decision was not reduced to a written order at the time that petitioner filed his petition for a writ of certiorari in the circuit court.

---

[1]The appellate record did not include the circuit court's February 12, 2009, scheduling order and the BZA's responses filed on November 4, 2004, May 12, 2009, and May 15, 2009. On our own motion, we supplement the record with both the scheduling order and the BZA's responses pursuant to Rule 6(b) of the West Virginia Rules of Appellate Procedure.

1

Petitioner owns a preexisting structure on the northwest corner of Sixteenth Street and Lane F in the City of Wheeling ("City"). The structure displays two billboards on one side and is vacant on its other side. This use of the structure constitutes a non-conforming use under the City's zoning ordinance.[2] On July 1, 2004, after the view of the structure's vacant side became unobstructed due to the demolition of a nearby building, petitioner filed an application to erect two additional billboards on the structure. The City's planning administrator denied the application on July 2, 2004, finding that, while the zoning ordinance allowed non-conforming uses to be maintained, it did not permit the expansion of such uses. Petitioner appealed the denial of the application to the BZA on July 16, 2004. At an August 19, 2004, hearing, the BZA upheld the denial of the sign application. On August 25, 2004, petitioner filed a variance application for permission to put up the additional billboards despite their non-conformity with several requirements of the zoning ordinance.[3] Consequently, in its written order affirming the denial of the sign application, entered on September 16, 2014, the BZA noted that petitioner "file[d] an application for a variance on these same issues[.]" At a September 16, 2004, hearing, the BZA denied petitioner's variance application, finding that the purpose of the zoning ordinance was to reduce the number of billboards throughout the City.

On October 18, 2004, petitioner filed a petition for a writ of certiorari in the circuit court and the notice required by West Virginia Code § 8A-9-2 advising the BZA's chairperson that he was challenging the BZA's September 16, 2004, order affirming the denial of the sign application. To his petition, petitioner attached the October 8, 2004, letter from the BZA's counsel informing him that the written order denying his variance application was not yet entered but would be sent to him in due course. On October 21, 2004, the BZA entered its order denying the variance application.

In his petition, petitioner argued, *inter alia*, that the City's zoning ordinance was unconstitutional as applied to his request to erect the additional billboards. On November 10, 2004, the BZA filed a response and generally denied the arguments advanced by petitioner. On January

---

[2]In Syllabus Point 2 of *Poole v. Berkeley County Planning Commission*, 200 W. Va. 74, 488 S.E.2d 349 (1997), we held that:

> "[a] non-conforming use is a use which, although it does not conform with existing zoning regulations, existed lawfully prior to the enactment of the zoning regulations. These uses are permitted to continue, although technically in violation of the current zoning regulations, until they are abandoned. An exception of this kind is commonly referred to as a 'grandfather' exception." Syl. [P]t. 3, *McFillan v. Berkeley County Planning Commission*, 190 W.Va. 458, 438 S.E.2d 801 (1993).

[3]A zoning variance is "[a] license or official authorization to depart from a zoning law." BLACK'S LAW DICTIONARY 1787 (10th ed. 2014).

19, 2006, the BZA sent the circuit court the administrative record that included the September 16, 2004, order affirming the denial of the sign application and the October 21, 2004, order denying the variance application, as well as the minutes from the August 19, 2004, and September 16, 2004, hearings.

On February 12, 2009, the circuit court entered a scheduling order agreed to by the parties. On March 17, 2009, petitioner filed a brief in support of his appeal, noting that the BZA "interpreted the [zoning] ordinance to deny expansion of non-conforming uses and declined to grant variances." Petitioner reiterated his arguments including his position that the City's zoning ordinance was unconstitutional as applied to his request to erect the additional billboards. Petitioner asked that the circuit court direct that his application for a sign permit "and/or the requested variances . . . be granted." The BZA filed a response on or about April 16, 2009,[4] arguing that the circuit court should affirm the BZA's authority "to decide both *the procedural issues of the variance process* as well as the merits of the issue of whether or not the City has a legitimate interest to protect, a non-discriminatory application and constitutionally appropriate land use and planning code concerning off-premises signage and increasing a non-conforming land use." (Emphasis added.) Petitioner filed a reply on May 1, 2009, repeating his request that the circuit court direct that his application for a sign permit "and/or the requested variances . . . be granted." Finally, the BZA filed a supplemental response on May 15, 2009, to respond to the "[additional] arguments made by counsel for [p]etitioner."

Thereafter, the case laid dormant until September 19, 2011, when the circuit court entered a notice of involuntary dismissal pursuant to Rule 41 of the West Virginia Rules of Civil Procedure. The case was not dismissed but remained dormant until February 24, 2016, when the circuit court entered a second Rule 41 notice and set the case for a status hearing on April 5, 2016. At the status hearing, the circuit court agreed with the BZA's position that the case was ripe for decision. On April 25, 2016, petitioner, pro se, filed an objection to the proposed order submitted by the BZA, arguing that the circuit court should direct that his application for a sign permit "and/or the requested variances . . . be granted." By order entered June 30, 2016, the circuit court affirmed the BZA's September 16, 2004, order upholding the denial of the sign application but made no ruling regarding the BZA's October 21, 2004, order denying the variance application. Instead, the circuit court erroneously found that petitioner's variance application represented an adequate alternative remedy despite the fact that, at the September 16, 2004, hearing, the BZA heard and denied the variance application. In addition, the circuit court failed to address petitioner's as-applied constitutional challenge to the City's zoning ordinance that was raised in his October 18, 2004, certiorari petition and his March 17, 2009, brief.

It is the circuit court's June 30, 2016, order that petitioner now appeals. "When the circuit court sits in review of the decisions of . . . administrative tribunals[,] it shall record findings of fact and conclusions of law along with the judicial orders which it issues." Syl. Pt. 1, *Golden v. Bd. of Educ. of Harrison County*, 169 W.Va. 63, 285 S.E.2d 665 (1981). We have held, in a variety of

---

[4]This response was initially misfiled; as a result, it was not entered into the record until May 12, 2009.

3

contexts, that there should be findings of fact and conclusions of law sufficient to allow meaningful appellate review. *See State ex rel. Mylan, Inc. v. Zakaib*, 227 W.Va. 641, 713 S.E.2d 356 (2011) (forum non conveniens); *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997) (habeas corpus); *Fayette Cty. Nat. Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997) (summary judgment), *overruled on other grounds*, *Sostaric v. Marshall*, 234 W.Va. 449, 766 S.E.2d 396 (2014).

On appeal, petitioner reiterates the arguments he made before the circuit court: (1) that the City's zoning ordinance was unconstitutional as applied to his request to erect the additional billboards; and (2) that his application to put up the additional billboards and/or his application "for the requested variance[s] be granted." The BZA counters that the circuit court's June 30, 2016, order should be affirmed.

Upon our review of the June 30, 2016, order, we find that the circuit court made insufficient findings to allow us to meaningfully review petitioner's assignments of error. First, the circuit court failed to address the as-applied constitutional challenge to the City's zoning ordinance that was raised in petitioner's October 18, 2004, certiorari petition and his March 17, 2009, brief. Second, the circuit court erroneously found that petitioner's variance application represented an adequate alternative remedy despite the fact that, at the September 16, 2004, hearing, the BZA heard and denied the variance application. This erroneous finding further implicates the latent issue of whether petitioner's appeal includes the BZA's decision to deny his application for variances to erect the additional billboards. At the time petitioner filed his certiorari petition, the written order denying the variance application was yet to be entered; therefore, petitioner did not list that order as an order being appealed in the notice to the BZA's chairperson, as required by West Virginia Code § 8A-9-2. Nevertheless, petitioner has consistently argued that the circuit court possesses the authority to order the BZA to grant his variance application as one of two possible remedies and nothing in the BZA's several responses has challenged petitioner's position. Accordingly, we reverse the June 30, 2016, order, and remand this case to the circuit court for detailed findings of fact and conclusions of law addressing (1) petitioner's argument that the City's zoning ordinance was unconstitutional as applied to his request to erect the additional billboards; and (2) whether petitioner's appeal includes the BZA's decision to deny his application for variances to erect the two additional billboards.[5]

For the foregoing reasons, we reverse the circuit court's June 30, 2016, order, and remand this case for further proceedings consistent with this memorandum decision.

Reversed and Remanded with Directions.

**ISSUED**:   June 17, 2019

---

[5]Because we remand this case for detailed findings of fact and conclusions of law, we deny petitioner's motion requesting for oral argument that was filed on November 8, 2017.

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison