309 S.E.2d 115

**Peggy MROCKO, et al.**

**v.**

**Jean Lea WRIGHT and Stephen P. Coonts, Admr., etc.**

**No. 15691.**

Supreme Court of Appeals of West Virginia.

Nov. 14, 1983.

Johnson & Johnson and Charles G. Johnson, Clarksburg, for appellants.

Coleman & Wallace, Robert J. Wallace and David W. McCauley, Buckhannon, for Wright.

Terry D. Reed, Buckhannon, for Coonts.

NEELY, Justice:

Virginia Z. McMurdo died on 27 September 1980 in Upshur County leaving a holographic will that was admitted to probate.[1] The appellee, Steven P. Coonts, qualified as administrator *de bonis non* with the will annexed.

Mrs. McMurdo left all of her property to three beneficiaries: her husband, John S. McMurdo; her sister Mavadelle Tomic and her sister Jean Lea Wright. She left to her husband her share of certain jointly owned real and personal property, a grandmother clock, walnut bed, and bookcase, all her money in joint checking and savings accounts, and all of her individually owned furniture in the marital house. She left to her two sisters on a share and share alike basis her mobile home with all of the furniture not specifically bequeathed to her husband, all money in her individual savings or checking accounts, money due to her as "Agent and One-Sixth of money after debts are paid from Agent acct. at Central National Bank," and her one-sixth interest in real estate left by her father.

The proviso in this will that has given rise to the litigation at hand is contained in the third paragraph: "This is providing that all named are living at my death." At the time of Mrs. McMurdo's death both her husband and her sister Mavadelle Tomich had already died.

Originally the appellee administrator concluded that the entire estate should be shared between Mrs. McMurdo's living sister, Jean Lea Wright, and the appellants who are the children of those brothers and sisters of Mrs. McMurdo who were not named in the will and would take under the will as heirs at law of Mrs. McMurdo's deceased sister, Mavadelle Tomich. After further consideration, however, the administrator concluded that he was in error on this matter and he determined that Jean Lea Wright was the sole beneficiary under the will.

The appellants then instituted a civil action in the Circuit Court of Upshur County to construe the will. They argued that the will should not have been probated and that Virginia Z. McMurdo should be de-

---

1. Virginia Z. McMurdo's will provides in its entirety as follows:

TO WHOM IT MAY CONCERN:

August 1, 1969

"I, Virginia Zickefoose McMurdo, being of sound and disposing mind do hereby declare this to be my last will and testament revoking any and all wills previously made by me.

"I hereby appoint my sister Mavadelle Zickefoose Tomich executrix without bond being required of her, or someone eligible whom she shall appoint.

"Firstly: I will that all my just debts be paid.

"Secondly: To my husband, John S. McMurdo, I will and bequeath my share in all our jointly owned real and personal property located at 203½ South Florida Street and a grandmother clock, walnut bed, and book case that are in my mobile home at 203 S. Florida St. Also all furnishings in the house at 203½ S. Florida St. I will to John. To him I leave any and all monies in joint checking and savings accounts we may jointly have.

"Thirdly: To my sisters Mavadelle Tomich and Jean Lea Wright I leave my Mobile Home 1966 Nashua with all furnishings, exception only those above mentioned. Also to them I leave all monies in my name on savings or checking accounts and any that is due me as Agent and One-Sixth of money after debts are paid from Agent acct. at Central National Bank. I also leave them my ⅙ (one-sixth) interest in real estate leaft [sic] to us by our father U.G. Zickefoose, located in Warren District, County of Upshur. This is providing they all named are living at my death. Mavadelle and Jean Lea shall share and share alike in the above mentioned and also in the rest, residue, and remainder of estate.

Signed

Virginia Z. McMurdo"

clared to have died intestate. The administrator counterclaimed and asked that the will be construed. The circuit court held that the will was valid and that Jean Lea Wright is the sole beneficiary under the will. The question of the will's validity is not an issue in this appeal. We affirm.

I

There are two statutes that control the disposition of this case. The first is *W. Va. Code* 41-3-3 [1923] that concerns the death of a devisee or legatee before the testator, and the second is *W. Va. Code* 41-3-4 [1977] that concerns the failure of a devise or bequest. *W. Va. Code* 41-3-3 [1923] provides that if a devise or bequest is made to two or more persons jointly, and one of them dies without issue, the part of the estate devised or bequeathed to that individual shall pass to his or her personal representative.[2]

The appellants argue that *W. Va. Code* 41-3-3 [1923] makes them beneficiaries under Mrs. McMurdo's will because they are the heirs at law of Mavadelle Tomich who was entitled to one-half of the residuary estate under the will. The circuit court, however, concluded that the provision in the third paragraph of Mrs. McMurdo's will that said "This is providing that all named are living at my death" applied to all of the named beneficiaries in the will and that it was a condition precedent, under the explicit terms of the will, that a beneficiary be

alive before he or she would be entitled to an inheritance.

Accordingly the circuit court applied the provisions of *W. Va. Code* 41-3-4 [1977] which controls cases where a devise or bequest in the residuary clause fails.[3] Under the terms of that statute, in the event that a bequest in the residuary clause *fails*, the bequest does not pass to the personal representative of the beneficiary whose bequest has failed, but rather goes to the other residuary legatee or legatees.

Although Mrs. McMurdo's will is not exactly a triumph of draftsmanship, we agree with the circuit court that it was obviously her intent to benefit certain close relatives who were living at the time of her death. It is well settled law that the intent of the testator is the controlling factor in construing a will. *Farmers and Merchants Bank of Keyser v. Farmers and Merchants Bank of Keyser*, 158 W.Va. 1012, 216 S.E.2d 769 (1975). Consequently, we find that the circuit court was entirely correct in concluding that the bequest to Mavadelle Tomich in the third paragraph failed entirely because she was not alive at the testatrix's death. *W. Va. Code* 41-3-3 [1923] provides that the heirs at law of a devisee or legatee who dies before the testator take such property as the devisee or legatee would have taken if he had survived the testator, *"unless a different disposition thereof be made or required by the will."* In the case before us the circuit court held, and we agree, that a different disposition

**2.** *W. Va. Code* 41-3-3 provides in its entirety:

If a devisee or legatee die before the testator, or be dead at the time of making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof be made or required by the will. And if the devise or bequest be made to two or more persons jointly, and one or more of them die without issue, or be dead at the time of the making of the will, the part of the estate so devised or bequeathed to him or them shall not go to the other joint devisees or legatees, but shall, in the case of a devise, descend and pass to the heirs at law, and, in the case of a bequest, go and pass to the personal representative, of the testator, as if he had died intestate, unless the will otherwise provides.

**3.** *W. Va. Code* 41-3-4 provides in its entirety:

Unless a contrary intention shall appear by the will, such real or personal estate, or interest therein, as shall be comprised in any devise or bequest in such will, which devise or bequest shall fail or be void, or be otherwise incapable of taking effect, shall, if the estate be real estate, be included in the residuary devise, or, if the estate be personal estate, in the residuary bequest, if any residuary devise or bequest be contained in such will, and, in the absence of such residuary devise or bequest, shall pass as in case of intestacy. However, when a devise or bequest shall be included in a residuary clause of the will, which devise or bequest shall fail or be void or be otherwise incapable of taking effect, it shall not pass as in case of intestacy but shall pass to the remaining residuary devisees or legatees or devisee or legatee, if any there be, in proportion to their respective shares or interests in the residue.

was indeed made by the will. At the death of Mavadelle Tomich her devise and bequest failed entirely.

## II

Under the provisions of *W.Va.Code* 41-3-4 [1977] a specific devise or bequest that fails is to be included in the residuary devise or bequest. In this case Mavadelle Tomich received a specific devise and bequest which, when she died, was automatically added to the residuary devise and bequest. Mavadelle Tomich, however, was also a fifty percent beneficiary under the residuary devise and bequest. Nonetheless, beneficiary status under the residuary clause was also conditioned upon her being alive at the time of the testatrix's death.

*W.Va.Code* 41-3-4 [1923] covers this situation by providing that when a residuary devise or bequest fails, the devise or bequest shall not pass as in the case of intestacy but, rather, shall pass to the remaining residuary devisees or legatees in proportion to their respective shares or interests in the residue. Consequently, Jean Lea Wright is entitled to the entire estate under the residuary clause.[4]

For the reasons set forth above, the ruling of the Circuit Court of Upshur County is affirmed.

Affirmed.

---

**4.** Since the appellees have prevailed on all issues, it is unnecessary to address appellant's assignments of error concerning the award of attorneys' fees to the administrator incurred in defending the will and defending his own interpretation of the proper disposition of the property.