# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Donna K. Jackson,**
**Defendant Below, Petitioner**

**vs) No. 16-0744** (Raleigh County 14-C-161-H)

**Tracie Stone Claypool**
**and Joshua K. Stone,**
**Plaintiffs Below, Respondents**

**FILED**

**May 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Donna K. Jackson, by counsel John D. Wooton and Colleen C. McCulloch, appeals the Circuit Court of Raleigh County's July 13, 2016, "Amended Order Interpreting the Holographic Last Will and Testament of Ada Margaret Stone, Deceased," wherein the circuit court awarded a one-half share of the Estate of Ada Margaret Stone ("the decedent") to respondents, the decedent's grandchildren. Respondents Tracie Stone Claypool and Joshua K. Stone, by counsel E. Kent Hellems and Benny G. Jones, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The decedent died testate on or about August 18, 2004. She had executed a holographic will dated December 5, 1994, which was admitted to probate on or about September 2, 2004, and recorded in the Office of the Clerk of the County Commission of Raleigh County. Petitioner, the decedent's daughter, qualified as the executrix of the decedent's estate on or about September 2, 2004. The holographic will included the following language:

> I bequeth [sic] to my daughter, Donna Kay Jackson and my son Larry B. Stone, II, <u>all</u> my real and personal property wherever located, all monies, all incomes present and future, my IRA certificates and to share equal in all of the above mentioned . . . and to <u>anyone other than</u> son and daughter, I leave one dollar $1.00 that may claim any rights to my possessions, etc. (Emphasis supplied by Testatrix).

Respondents are the children of Larry B. Stone II ("Mr. Stone") who died intestate on or about September 3, 1996, prior to the decedent's death but after the execution of her holographic will.

1

At the time of his death, Mr. Stone was not married. The entirety of the holographic will was a hand-written, single page document with approximately a quarter page of text.

At the time of her death, the decedent owned a building construction company that developed numerous pieces of property. She also owned twenty-one parcels of property in Raleigh, Summers, and Mercer Counties. Further, she was the incorporator and vice-president of a business with petitioner, Window Wonderland, Inc.

Respondents filed a complaint seeking declaratory and other relief on February 25, 2014. On July 13, 2016, the circuit court entered its "Amended Order Interpreting the Holographic Last Will and Testament of Ada Margaret Stone, Deceased." In that order, the circuit court stated that respondents alleged that because their father, Mr. Stone, died before the decedent, respondents are entitled to receive that portion of the bequest made by the decedent to Mr. Stone pursuant to West Virginia Code § 41-3-3, the anti-lapse statute. However, petitioner believes that under both the provisions of the will and West Virginia Code § 41-3-4, the bequest to Mr. Stone fails because the decedent provided in her will for "a different disposition" of her assets. Petitioner argued below that respondents should receive the sum of $1 each and the remaining portion of the bequest passes under the will to the other residuary legatee, petitioner. The circuit court concluded that § 41-3-3 is applicable and controlling of the disposition of the property under the decedent's last will and testament. Therefore, it found that respondents are entitled to the one-half share of the decedent's estate bequeathed to their father, Mr. Stone by that will. Petitioner appeals from that order.

> We review this matter *de novo,* pursuant to our typical standard of review for declaratory and summary judgment actions as enunciated in syllabus point three of *Cox v. Amick,* 195 W.Va. 608, 466 S.E.2d 459 (1995), as follows: "A circuit court's entry of a declaratory judgment is reviewed *de novo.*" We explained in *Cox* that "because the purpose of a declaratory judgment action is to resolve legal questions, a circuit court's ultimate resolution in a declaratory judgment action is reviewed *de novo* . . . ." *Id.* at 612, 466 S.E.2d at 463. In *Poole v. Berkeley County Planning Commission,* 200 W.Va. 74, 488 S.E.2d 349 (1997), this Court acknowledged that "both the entry of a summary judgment and the entry of a declaratory judgment are reviewed by this Court *de novo.*" *Id.* at 77, 488 S.E.2d at 352.

*Kubiczky v. Wesbanco Bank Wheeling*, 208 W. Va. 456, 459, 541 S.E.2d 334, 337 (2000).

Petitioner sets forth two assignments of error. First, she contends that the circuit court erred in not allowing "any witnesses to testify" despite the fact that witnesses were present and prepared to testify. Petitioner argues that Forrest Bowman, Esq., was prepared to testify about the facts and his "factual opinion" on the legal issue before the circuit court. She points to the circuit court's statement during a prior hearing to bring witnesses to testify. However, when the final hearing convened, the circuit court granted respondents' motion to prohibit Mr. Bowman's testimony. She argues that Mr. Bowman was qualified as an expert by his knowledge, skill, experience, training, and education. She further states that Mr. Bowman's expected testimony was both relevant and reliable.

2

At the outset, we note that while petitioner asserts that the circuit court prohibited her from presenting "any witnesses to testify," her argument focuses only on the prohibited testimony of Forrest Bowman. As we have previously stated,

> "[t]he admissibility of testimony by an expert witness is a matter within the sound discretion of the trial court, and the trial court's decision will not be reversed unless it is clearly wrong." Syllabus Point 6, *Helmick v. Potomac Edison Company,* 185 W.Va. 269, 406 S.E.2d 700 (1991), *cert. denied,* 502 U.S. 908, 112 S.Ct. 301, 116 L.Ed.2d 244 (1991).

Syl. Pt. 3, *Green v. Charleston Area Medical Center, Inc.*, 215 W. Va. 628, 600 S.E.2d 340 (2004). Further,

> [a]s a general rule, an expert witness may not testify as to questions of law such as the principles of law applicable to a case, the interpretation of a statute, the meaning of terms in a statute, the interpretation of case law, or the legality of conduct. It is the role of the trial judge to determine, interpret and apply the law applicable to a case.

Syl. Pt. 10, *France v. Southern Equip. Co.*, 225 W.Va. 1, 689 S.E.2d 1 (2010). Based on the record before this Court, we find that the circuit court was not clearly wrong in excluding Mr. Bowman's testimony under the specific facts of this case. It is apparent that petitioner intended to elicit testimony from Mr. Bowman, an attorney and long-time professor of law, regarding the circuit court's determination of the intent and meaning of the decedent's will. According to petitioner, Mr. Bowman's testimony would be based upon his knowledge of the law and the language of the decedent's will. Clearly, the circuit court is well-versed in the law and had before it the decedent's will. As such, the circuit court stated that it would "look at what the statutes and case law provide, and [would] make [its] determination based on that." Therefore, it is apparent that petitioner failed to show that the circuit court's prohibition of the presentation of Mr. Bowman's testimony was clearly wrong.

Petitioner's second and final assignment of error is that the circuit court erred in concluding that respondents are entitled to a one-half share of the decedent's estate. She contends that the instant case is similar to *Mrocko v. Wright*, 172 W. Va. 616, 618, 309 S.E.2d 115, 117 (1983), wherein this Court found that the language "[t]his is providing that all named are living at my death" was a survivorship clause that created a "different disposition" and negated the application of the anti-lapse statute. As we set forth in *Mrocko*, there are two statutes that are applicable that control the disposition of this case: West Virginia Code §§ 41-3-3 and -4. *Mrocko* at 618, 309 S.E.2d at 117.[1] In *Mrocko*, we agreed with "the circuit court that it was

---

[1] West Virginia Code § 41-3-3 provides as follows:

If a devisee or legatee die before the testator, or be dead at the time of making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof be made or required by the will. And if the devise or bequest be made to two or more persons jointly, and

(continued . . .)

obviously [the decedent's] intent to benefit certain close relatives who were living at the time of her death." *Id.* at 618, 309 S.E.2d at 118. We also noted that "[i]t is well settled law that the intent of the testator is the controlling factor in construing a will." *Id.* While petitioner asserts that the decedent clearly intended that only her son and daughter should take more than $1 under her will, under the specific facts of this case and the language of the decedent's will contained in the record, we disagree.

In its order, the circuit court compared the language used in the decedent's will to the will previously considered by this Court in *Kubiczky*. 208 W.Va. 456, 541 S.E.2d 334. In *Kubiczky*, the will provided, in relevant part, as follows: "All the rest, residue and remainder of my estate, of all kind and description and wheresoever situate, I give, devise, and bequeath to be divided equally among my three (3) sisters, . . . share and share alike, to the express exclusion of any other person or persons." *Id.* at 458, 541 S.E.2d at 336. In considering the language of the wills in *Mrocko* and *Kubiczky*, this Court found that while the testator in *Mrocko* included an express survivorship requirement in the provision devising to the beneficiaries, the will in *Kubiczky* "contains no such provision; nor does it contain any alternate disposition of the estate which was to be given to [one sister]." *Id.* at 462, 541 S.E.2d at 340. It is apparent from the face of the decedent's short will currently before this Court that she did not set forth any survivorship requirement therein. Thus, her will more clearly resembles the language of the will addressed in *Kubiczky*. We also note that under petitioner's interpretation of the will, if she had also predeceased her mother, the estate would escheat to the State. Based on the language of the decedent's will, we do not agree that this was the decedent's intent expressed in her holographic

---

one or more of them die without issue, or be dead at the time of the making of the will, the part of the estate so devised or bequeathed to him or them shall not go to the other joint devisees or legatees, but shall, in the case of a devise, descend and pass to the heirs at law, and, in the case of a bequest, go and pass to the personal representative, of the testator, as if he had died intestate, unless the will otherwise provide.

West Virginia Code § 41-3-4 provides as follows:

Unless a contrary intention shall appear by the will, such real or personal estate, or interest therein, as shall be comprised in any devise or bequest in such will, which devise or bequest shall fail or be void, or be otherwise incapable of taking effect, shall, if the estate be real estate, be included in the residuary devise, or, if the estate be personal estate, in the residuary bequest, if any residuary devise or bequest be contained in such will, and, in the absence of such residuary devise or bequest, shall pass as in case of intestacy. However, when a devise or bequest shall be included in a residuary clause of the will, which devise or bequest shall fail or be void or be otherwise incapable of taking effect, it shall not pass as in case of intestacy but shall pass to the remaining residuary devisees or legatees or devisee or legatee, if any there be, in proportion to their respective shares or interests in the residue.

4

will. For the reasons set forth herein, we find that the circuit court did not err in awarding a one-half share of the decedent's estate to respondents under the language of the decedent's holographic will.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  May 19, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker


**DISQUALIFIED:**

Justice Margaret L. Workman

5